This is an appeal from a judgment of the Lucas County Court of Common Pleas wherein a jury convicted appellant, Lamonte Hopings, of one count of felonious assault[1] with a firearm specification and one count of carrying a concealed weapon. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
 "Appellant-Defendant's conviction for felonious assault with a firearm specification is against the sufficiency and manifest weight of the evidence."
The following facts are relevant to this appeal. Appellant was indicted on July 15, 1998 on one charge of one count of felonious assault with a firearm specification; one count of carrying a concealed weapon; and one count of aggravated robbery. Appellant's trial began on September 21, 1998. A police officer, a police detective and the victim testified. At the close of the state's case, appellant moved for acquittal pursuant to Crim.R. 29. The motion was denied.
The jury found appellant not guilty on the aggravated robbery charge but returned a guilty verdict on one count of felonious assault with a firearm specification and one count of carrying a concealed weapon. Appellant was sentenced to a term of six years on the felonious assault charge, to be served concurrent with twelve months on the concealed weapon charge. Appellant was also sentenced to three years on the firearm specification, to be served consecutive to the felonious assault charge. Appellant timely filed his notice of appeal.
In his assignment of error, appellant argues that there was insufficient evidence for his conviction of felonious assault with a firearm specification and that the jury's verdict was against the manifest weight of the evidence. This court finds no merit in this assignment of error.
In State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, the Supreme Court of Ohio stated:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
In State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus, the Ohio Supreme Court stated that "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." The court also noted:
 "* * * In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. (Citation omitted.)" Id. at 386.
In contrast to sufficiency, the court stated the following in regard to weight of the evidence:
 "* * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Citation omitted.) (Emphasis added by Court.) Id. at 387.
The Ohio Supreme Court also noted that when an appellate court reverses a verdict as against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id.
The Court then cited State v. Martin (1983), 20 Ohio App.3d 172,175, and quoted the following:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
In her concurrence, Justice Cook noted the following in regard to appellate review of a question involving manifest weight:
 "In contrast, in deciding whether a conviction is against the manifest weight of the evidence, an appellate court determines whether the state has appropriately carried its burden of persuasion. A court reviewing questions of weight is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial. The only special deference given in a manifest-weight review attaches to the conclusion reached by the trier of fact. * * *" Id. at 390.
After thoroughly reviewing the entire record, we conclude that any rational trier of fact could have found that the essential elements of felonious assault were proven beyond a reasonable doubt. Furthermore, after thoroughly reviewing the entire record, weighing the evidence and all reasonable inferences, this court cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice.
Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Mark L. Pietrykowski, J.
CONCUR.
Melvin L. Resnick, J.
CONCURS IN JUDGMENT ONLY.
[1] R.C. 2903.11(A((2) provides:
"(A) No person shall knowingly:
"* * *
 "(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code."